IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID TERRENCE STEPHENS,

    Plaintiff,
v.                                        CASE NO. 4:16-cv-5-WS-GRJ

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections presently confined at Liberty CI, initiated this case by filing a 94-page *pro se* civil rights complaint alleging a litany of claims against 62 defendants, and seeks leave to proceed as a pauper. ECF No. 1. For the reasons discussed below, it is respectfully **RECOMMENDED** that this case should be dismissed pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

## DISCUSSION

Plaintiff's complaint includes allegations dating back to 1998. The Court takes judicial notice that Plaintiff was received into DOC custody in August 1999, and is serving a total 40-year sentence for crimes including aggravated battery, forgery, and grand theft. Many of Plaintiff's claims in

the instant Complaint appear to relate to his underlying convictions and efforts to seek collateral relief in court.  The Complaint also asserts conditions-of-confinement claims that appear to span the duration of Plaintiff's confinement in the DOC.  The Complaint is defective because he has misjoined multiple unrelated claims and defendants.  *See* Fed. R. Civ. P.  20(a)(2).  The Court does not recommended that Plaintiff be permitted an opportunity to file an amended complaint that cures these defects because Plaintiff in any event is subject to the 28 U.S.C. § 1915(g) three-strikes bar.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See Stephens v. Jones,* Case No. 4:15-cv-386-WS-CAS (N.D. Fla. Nov. 4, 2015) (adopting Report and Recommendation, ECF No. 30, dismissing complaint pursuant to three-strikes bar and recounting prior cases that qualify as strikes).   In that case, Plaintiff also "allege[d] a variety of claims" stemming from conditions of confinement at Okeechobee CI and Liberty CI, in a complaint that consisted of "rambling statement of seemingly unrelated incidents," and in an amended complaint asserting claims dating back to 1998.  *Id.*, ECF No. 30 at 2-3.

Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050

(8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

In Plaintiff's most recent previous case before this Court, cited above, the Court concluded that Plaintiff's "shotgun complaint" was "insufficient to demonstrate that Plaintiff faces imminent danger of serious physical injury." Case No. 4:15-cv-386-WS-CAS, ECF No. 30 at 3.  The instant Complaint also does not allege facts suggesting that Plaintiff is in imminent danger of

serious physical injury with respect to his present conditions of confinement. Without sifting through each of the unrelated claims contained in the 94-page Complaint, the Court notes that Plaintiff's final "Statement of Claims" asserts that his rights were violated in connection with an allegedly false affidavit of probable cause in arrest warrants and that Plaintiff's rights have been violated for the past 16-17 years in connection with his underlying Orange County criminal case, which Plaintiff refers to as a "conspiracy and hate crime." ECF No. 1 at 93. Such claims do not satisfy the exception to imposition of the three-strikes bar.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

## **CONCLUSION**

It is respectfully **RECOMMENDED** that this case should be

dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 8th day of January 2016.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**